UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

FORMAN HOLT
365 West Passaic Street, Suite 400
Rochelle Park, New Jersey 07662
Telephone: (201) 845-1000
Facsimile: (201) 655-6650
Attorneys for Charles M. Forman
Chapter 7 Trustee
Michael E. Holt, Esq.
Kimberly J. Salomon, Esq.
mholt@formanlaw.com
ksalomon@formanlaw.com

| | |
|---|---|
| In Re:<br><br>ROBERT F. CONKLIN, SR.,<br><br>      Debtor. | Chapter:   7<br><br>Case No.: 21-12535 (VFP) |
| CHARLES M. FORMAN, in his capacity as Chapter 7 Trustee of Robert F. Conklin, Sr.,<br><br>      Plaintiff,<br>v.<br><br>JOYCE R. CONKLIN,<br><br>      Defendant. | Adv. Pro. No. 21- |

**COMPLAINT TO SELL PROPERTY FREE
AND CLEAR OF CO-OWNER'S INTEREST**

    Charles M. Forman, the chapter 7 trustee (the "Trustee" or "Plaintiff") for the estate of Robert F. Conklin, Sr. (the "Debtor"), by and through his attorneys, Forman Holt, by way of complaint against Joyce R. Conklin (the "Defendant"), alleges the following upon information and belief:

F0158532 - 1

## JURISDICTION AND VENUE

1. This adversary proceeding arises under 11 U.S.C. § 363(h) and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b) and 157(b).

3. This adversary proceeding is a core proceeding as that term is defined under 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

## BACKGROUND AND PARTIES

5. On March 29, 2021, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

6. On September 22, 2021, the Debtor filed a Notice of Voluntary Conversion to Chapter 7. This Court entered an order converting the Debtor's case to a chapter 7 case on September 23, 2021. [Doc. No. 32].

7. On September 23, 2021, the Office of the United States Trustee appointed Plaintiff to serve as the chapter 7 trustee for the Debtor's estate. [Doc. No. 33].

8. Defendant is the Debtor's wife and resides at 121 Athenia Avenue, Clifton, New Jersey (the "Property").

## GENERAL FACTS AND ALLEGATIONS

9. The Debtor and Defendant are co-owners of the Property.

10. The Debtor's interest in the Property is the property of the Debtor's estate within the meaning of 11 U.S.C. § 541.

11. The Property consists of a single-family home.

12. As of the Petition Date, the Debtor and the Defendant each owned a fifty percent interest in the Property.

13. The Property has an estimated fair market value of approximately $399,000.

14. The Property is encumbered by a mortgage held by Rocket Mortgage, LLC f/k/a Quicken Loans, LLC in the amount of $201,679.17 as of November 1, 2021.

15. After deducting the mortgage and a hypothetical 10% cost of sale, the Property has total equity of approximately $158,000.

16. The Debtor has claimed an exemption of $12,575 in the Property under 11 U.S.C. §522(d)(1). [Doc. No. 44].

## COUNT ONE

17. The Trustee repeats each and every allegation set forth in this complaint as if they were fully set forth herein.

18. The Debtor owns an undivided fifty percent interest in the Property.

19. Partition in kind of the Property between the Debtor's estate and Defendant is impracticable because the Property is a single-family residential home.

20. A sale of the Debtor's estate's undivided fifty percent interest in the Property would realize significantly less for the Debtor's estate than a sale free of Defendant's interest.

21. The benefit to the estate from a sale of the Property free of Defendant's interest outweighs the detriment, if any, to the Defendant.

22. The Property is not used in the production, transmission, or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power.

23. Under 11 U.S.C. § 363(h), the Trustee may sell both the Debtor's estate's interest

and the Defendant's interest in the Property free and clear of the Defendant's interest.

24. Under 11 U.S.C. § 363(j), Plaintiff may recover the proportional costs and expenses of sale of the Property, not including compensation to Plaintiff, from Defendant's interest in the Property.

**WHEREFORE**, the Trustee demands judgment (a) authorizing the Trustee to sell both the Debtor's estate's interest and the Defendant's interest in the Property free and clear of the Defendant's interest pursuant to section 363(h) of the Bankruptcy Code; (b) surcharging Defendant's interest in the proceeds from the sale of the Property for the proportional costs and expenses related to such sale pursuant to section 363(j) of the Bankruptcy Code; and (c) granting such other and further relief as is just and proper.

        FORMAN HOLT
        Attorneys for Plaintiff

        By: */s/ Kimberly J. Salomon*
            Kimberly J. Salomon, Esq.

Dated: November 22, 2021